01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  JODY MARIE DAUSEY,                    )
                                          )   CASE NO. C12-1825-TSZ-MAT
09          Plaintiff,                    )
                                          )
10          v.                            )   REPORT AND RECOMMENDATION
                                          )   RE: SOCIAL SECURITY
11  CAROLYN W. COLVIN, Acting             )   DISABILITY APPEAL
    Commissioner of Social Security,      )
12                                        )
            Defendant.                    )
13  _____  )

14          Plaintiff Jody Marie Dausey proceeds through counsel in her appeal of a final decision

15  of the Commissioner of the Social Security Administration (Commissioner).    The

16  Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a

17  hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision,

18  the administrative record (AR), and all memoranda of record, the Court recommends that this

19  matter be reversed and remanded for further administrative proceedings.

20  //

21  //

22  //

REPORT & RECOMMENDATION
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1971.[1]  She graduated from high school, and previously worked in customer service, as a laborer, and as a manager of a fast-food restaurant and a minimart.  (AR 276, 281.)

On August 31, 2009, Plaintiff filed an application for DIB.  (AR 209-10.)  That application was denied initially and on reconsideration, and Plaintiff timely requested a hearing. (AR 117-124.)

On April 15, 2011, ALJ Laura Valente held a hearing, taking testimony from Plaintiff. (AR 38-114.)  On June 3, 2011, the ALJ issued a decision finding Plaintiff not disabled.  (AR 18-32.)  Plaintiff timely appealed.  After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review on August 16, 2012 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.   Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT & RECOMMENDATION
PAGE -2

01  must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had

02  not engaged in substantial gainful activity since February 1, 2009, the alleged onset date.  (AR

03  20.)  At step two, it must be determined whether a claimant suffers from a severe impairment.

04  The ALJ found that Plaintiff's back sprain, obesity, and substance abuse disorder were severe

05  impairments.  (AR 20-24.)  Step three asks whether a claimant's impairments meet or equal a

06  listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the

07  criteria of a listed impairment. (AR 24-25.)

08         If a claimant's impairments do not meet or equal a listing, the Commissioner must

09  assess residual functional capacity (RFC) and determine at step four whether the claimant has

10  demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

11  performing light work, with the following exertional limitations: she can stand/walk for one

12  hour at a time (after which she needs to change positions for a few minutes), and she can do

13  this throughout an eight-hour workday.  She can occasionally perform postural movements

14  (kneeling, crouching, crawling, climbing, balancing, and stooping).  As to mental limitations,

15  the ALJ found that Plaintiff can understand, remember, and carry out simple routine tasks

16  required by unskilled and semi-skilled work (specific vocational levels 1 to 3).  She can

17  occasionally complete more complex tasks.  She can interact superficially with the general

18  public (including telephone contact).  (AR 25-30.)  With that assessment, the ALJ found

19  Plaintiff capable of performing her past work as a fast-food worker.  (AR 30.)   In the

20  alternative, the ALJ found at step five that Plaintiff could perform other representative

21  occupations such as telephone solicitor, bench hand, and assembler.  (AR 30-31.)

22         This Court's review of the ALJ's decision is limited to whether the decision is in

REPORT & RECOMMENDATION
PAGE -3

01 accordance with the law and the findings supported by substantial evidence in the record as a

02 whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means

03 more than a scintilla, but less than a preponderance; it means such relevant evidence as a

04 reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881

05 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which

06 supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

07 F.3d 947, 954 (9th Cir. 2002).

08     Plaintiff argues the ALJ erred in (1) finding that none of Plaintiff's mental

09 impairments other than substance abuse disorder were severe, (2) rejecting certain opinion

10 evidence, and (3) finding at step five that Plaintiff could perform other jobs that exist in

11 significant numbers.[2]

12 <u>Step-Two Findings</u>

13     According to Plaintiff, the ALJ erred by rejecting her diagnoses of bipolar disorder,

14 major depressive disorder, post-traumatic stress disorder, anxiety disorder, and panic disorder

15 with agoraphobia. Dkt. 12 at 3. The ALJ did mention that Plaintiff had been diagnosed with

16 various mental-health diagnoses, but ultimately found that because her ongoing (and

17 underreported) substance abuse made it "difficult to determine the effect or materiality of her

18 substance abuse" on her mental impairments, those other diagnoses were therefore non-severe

19 on their own. (AR 23-24.)

---

20     [2] Plaintiff's Opening Brief listed more assignments of error than are recited here. Plaintiff did
not go on to brief all of the assignments of error listed in her Opening Brief, however, and Defendant

21 contends that Plaintiff thereby waived those arguments. Dkt. 11 at 2. Plaintiff does not contest that
she waived some of the issues by failing to brief them (compare Dkt. 10 at 3 (assignments of error
listed in Opening Brief) with Dkt. 12 at 1 (Reply Brief listing fewer assignments of error)), and this

22 Report and Recommendation will analyze the assignments of error that Plaintiff indeed briefed.

01      This approach to Plaintiff's substance abuse disorder does not comport with the

02  requirements of *Bustamante v. Massanari*, regarding the evaluation of a case that includes

03  evidence of drug abuse and alcoholism (DAA).  262 F.3d 949, 955 (9th Cir. 2001).   Under

04  the *Bustamante* process, and as recently explained in Social Security Ruling (SSR) 13-2p,

05  2013 WL 621536 (Feb. 20, 2013), in a case where there is DAA evidence, an ALJ must

06  consider all evidence at step two — including the evidence of DAA — to determine the

07  severity of a claimant's impairments.  2013 WL 621536, at *5.  If the claimant's impairments

08  are disabling with DAA included, and substance abuse disorder is not the only severe

09  impairment, then the ALJ must proceed through the sequential evaluation process twice, first

10  including DAA and then second separating out the DAA.  2013 WL 621536, at *7.

11      Here, the ALJ seemed to skip over the first step and essentially assume (without

12  deciding) that Plaintiff's substance abuse caused or exacerbated other mental impairments,

13  and that therefore Plaintiff's other diagnosed mental impairments would not have been severe

14  (or perhaps medically determinable) assuming no DAA.  The ALJ cites no medical evidence

15  to support that assumption.  The ALJ herself notes that it is "difficult" to assess the materiality

16  of Plaintiff's DAA because Plaintiff often either failed to report or underreported her use, but

17  the ALJ failed to explain why that difficulty led her to simply reject evidence of other mental

18  diagnoses.  (AR 23-24.)  Though the Commissioner accurately notes that the ALJ did not find

19  Plaintiff to be disabled (Dkt. 11 at 9), she overlooks that the ALJ avoided making such a

20  finding by first separating out all evidence she believed was tainted by DAA, thereby

21  circumventing the materiality analysis altogether.

22      Because the ALJ failed to follow *Bustamante* and the Social Security Administration's

REPORT & RECOMMENDATION
PAGE -5

01  own procedures for handling cases with DAA evidence, this case must be remanded for a

02  proper application of the two-step DAA analysis.  *See Bustamante*, 262 F.3d at 956

03  (instructing the ALJ on remand to "proceed with step three (and four and five, if necessary) of

04  the disability determination without attempting to separate out the impact of [claimant's

05  DAA].  Only if the ALJ determines that [the claimant] is disabled under the five-step inquiry,

06  should the ALJ consider whether '[DAA] is a contributing factor material to' that

07  determination").

08                                         Opinion Evidence

09          As explained in the previous section, the ALJ on remand should reconsider all of the

10  opinion evidence of record — including the opinion submitted for the first time to the Appeals

11  Council — in the first step of the *Bustamante* process.  With one exception, the Court declines

12  to address the errors Plaintiff alleges in ALJ's assessment of the medical opinions at this point

13  in the proceeding, given that the ALJ should reassess the opinion evidence on remand.

14          The Court identifies one opinion at issue that requires no reassessment on remand.

15  Plaintiff was evaluated by Ted Becker, Ph.D., in 2003, in conjunction with her 2001 claim

16  with Washington's Department of Labor & Industries.  (AR 326-35.)  Dr. Becker ultimately

17  concluded that Plaintiff could perform work that is "predominately seated with intermittent

18  applications to stand and/or ambulate."  (AR 335.)  The ALJ did not discuss this opinion in

19  formulating her RFC assessment, and Plaintiff contends that the ALJ erred in that omission.

20  Dkt. 10 at 10-12.

21          The Court disagrees, because Dr. Becker's opinion was rendered six years before

22  Plaintiff's alleged onset date.  Dr. Becker's remote opinion is not significant nor probative for

REPORT & RECOMMENDATION
PAGE -6

01   purposes of the ALJ's evaluation of Plaintiff's impairments during the relevant period, and

02   thus the ALJ need not address it.  *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995)

03   (holding that an ALJ "may not reject 'significant probative evidence' without explanation.")

04   (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)); *Johnson v. Astrue*, 303

05   Fed. Appx. 543, 545 (9th Cir. 2008) (ALJ did not err in rejecting a medical opinion that is

06   remote in time).

07   <u>Steps Four and Five</u>

08        Plaintiff argues that the ALJ erred in characterizing Plaintiff's past work as "fast food

09   worker," rather than "fast food manager," and in finding that her work was substantial gainful

10   activity.  Dkt. 10 at 12-13.  The Commissioner does not defend the ALJ's step-four finding,

11   but contends that any step-four error was harmless in light of the ALJ's alternative step-five

12   findings.  Dkt. 11 at 18-19.

13        Because the ALJ may reconsider her RFC assessment on remand and thus alter her

14   findings at steps four and five in light of that reassessment, the Court need not address

15   whether various limitations should have been incorporated into the RFC assessment (and thus

16   accounted for at steps four and five) at this stage in the proceeding.

17        The Court does, however, reject Plaintiff's argument that two of the representative

18   occupations identified at step five — bench hand and assembler — do not exist in significant

19   numbers.  Dkt. 12 at 10-11.  Though the Ninth Circuit has not set out a bright-line rule

20   defining "significance" for purposes of step-five findings, it has indicated that *either* the

21   regional or national numbers must be significant in comparison to numbers presented in other

22   cases.  *See Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012).

01      The national numbers (56,000 bench hand and assembler jobs total) presented in this

02  case are significant when other Ninth Circuit cases are compared.  *See, e.g.*, *Yepiz v. Colvin*,

03  2013 WL 1339450, at *9 (C.D. Cal. Mar. 28, 2013) (finding 15,000 national jobs to be a

04  significant number); *Staggs v. Astrue*, 2010 WL 4720341, at *15 (W.D. Wash. May 24, 2010)

05  (affirming an ALJ's step-five findings regarding 200 regional jobs and 42,000 national jobs).

06  Thus, because the national numbers at issue here are significant, the ALJ did not err at step-

07  five in that respect.

## **CONCLUSION**

09      For the reasons set forth above, this matter should be REVERSED and REMANDED

10  for further administrative proceedings.  On remand, the ALJ shall reconsider her step-two

11  findings (and proceed with steps three, four, and five of the disability determination, if

12  necessary) without attempting to separate out the impact of Plaintiff's drug and alcohol use,

13  following the guidance of *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001), and Social

14  Security Ruling 13-2p.

15      DATED this <u>17th</u> day of May, 2013.

Mary Alice Theiler
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE -8